UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH RODRIGUEZ, | |
| Plaintiff, | **ORDER OF SERVICE** |
| -against- | 22-CV-10056 (PMH) |
| EDWARD R. BURNETT, et al., | |
| Defendants. | |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Fishkill Correctional Facility ("Fishkill") and proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration at Fishkill. By order dated December 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

As set forth below, the Court directs the Clerk of Court to issues summonses as to Defendants Superintendent Edward R. Burnett; Deputy of Security Stephen Urbanski; Deputy Superintendent Akinola Akinyombo; Sergeant Block; Supervisor Sally A. Reams; Mohammad A. Bhuiyan; Davachi M. Sullivan; Oujas Gifty; and Sangeethe L. Mukkatt; (2) directs the Attorney General, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to identify the Doe Defendants so they may be served; (3) dismisses the claims brought against New York State, Commissioner Anthony J. Annucci and Governor Kathleen Hochul – in their official capacities – under the Eleventh Amendment, and the claims brought against Annucci and Hochul in their individual capacities, because Plaintiff does not assert how these two individuals were involved personally in

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

violating his rights; (4) dismisses claims against the County of Dutchess because Plaintiff cannot state a claim for municipal liability; and (5) applies Local Civil Rule 33.2 to the case.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.   Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Burnett, Urbanski, Akinyombo, Block, Reams, Bhuiyan, Sullivan, Gifty, and Mukkatt; through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and

deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.     Order to Identify the Doe Defendants

Under *Valentin*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d at 76. In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the following Doe Defendants: John Doe #1, Director of the Corrections Emergency Response Team ("CERT"); John Does #2-#8, CERT Members (*see* ECF 2 ¶ 7); John Does #9-#10, Office of Special Investigation ("OSI") (*see id.* ¶ 12); and Jane Does #1-#3, OSI (*see id.* ¶ 13).

It is therefore ordered that the Attorney General for the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Upon receipt of this information, the Court will deem the Complaint amended as to those Defendants and will issue an order directing the Clerk of Court to complete the USM-285 form with the addresses for the then-named John Doe Defendants.

**C.     Claims Barred Under the Eleventh Amendment**

Plaintiff's claims brought against New York State, Commissioner Annucci, and Governor Hochul, in their official capacities, are barred under the Eleventh Amendment.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). Specifically, "[t]he Eleventh Amendment bars a damages action in federal court against . . . state . . . officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*, 804 F.3d 178, 193 (2d Cir. 2015). This immunity also shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (claims under § 1983). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

4

Accordingly, the Court dismisses Plaintiff's claims against New York State, Commissioner Annucci, and Governor Hochul, in their official capacities, under the doctrine of Eleventh Amendment immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.      Claims Brought Against Annucci and Hochul in Their Individual Capacities Are Also Dismissed**

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Annucci and Hochul were personally involved in the events underlying his claims. Thus, Plaintiff's claims against these two defendants are also dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      Municipal Liability**

Plaintiff brings claims against Dutchess County, the county in which Fishkill is located. Dutchess County, however, does not operate Fishkill; the State of New York does. Thus, Plaintiff's claims asserting municipal liability cannot possibly state a claim upon which relief may be granted

and the Court dismisses any such claims brought against Dutchess County on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Any amendment with respect to this issue would be futile.

**F.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff. An Amended Complaint form is attached to this order.

The Clerk of Court is further instructed to issue summonses for Burnett, Urbanski, Akinyombo, Block, Reams, Bhuiyan, Sullivan, Gifty, and Mukkatt, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court dismisses all claims brought against New York State, County of Dutchess, Commissioner Annucci, and Governor Hochul. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   White Plains, New York
          February 1, 2023

PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Superintendent Edward R. Burnett
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

2.      Deputy of Security Stephen Urbanski
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

3.      Deputy Superintendent Akinola Akinyombo
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

4.      Sergeant Block
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

5.      Supervisor Sally A. Reams
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

6.      Mohammad A. Bhuiyan
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

7.      Davachi M. Sullivan
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

8.      Oujas Gifty
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307

9.      Sangeethe L. Mukkatt
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, NY 12508-0307