

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

July 19, 2023

**BY ECF**
Hon. Philip M. Halpern
United States District Court, Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10601

Re:   Rodriguez v. Burnett et al., 22 Civ. 10056 (PMH)

Dear Judge Halpern:

This Office represents def[endants]

Davachi (A/K/A Davachi Sulliva[n]

Vincente Santiago, Carlton Garre[tt]

Crofoot, Christopher Ciaccio and

accordance with the Court's Indi[vidual]

conference in anticipation of filing

pre-motion letter is being filed subs[equently]

Defendants that occurred pursuant t[o]

> Defendants' request for leave to move to dismiss Plaintiff's Complaint is granted. In light of Plaintiff's *pro se* status, the Court's pre-motion conference requirement is hereby waived.
>
> Defendants shall serve and file their notice of motion and opening brief by September 12, 2023; Plaintiff shall file his opposition brief by October 12, 2023; Defendants shall serve and file their reply brief by October 26, 2023.
>
> Defendants are directed to serve a copy of this order on Plaintiff and file proof of service on the docket.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 24.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         July 27, 2023

---

[1] Upon information and belief, the following named defendants remain unserved at the time of this letter's filing: Stephen Urbanski, Akinola Akinyombo, Mohammad Bhuiyan, Oujas Gifty, Johnathon Franco, Shawn Hanley, Alexis Cherry, Jan Okusko, and Aleshia Rose ("Unserved Defendants").  This letter is not written on their behalf. However, to the extent this Court makes a ruling on the proposed motion to dismiss based on this letter pursuant to Section 2(C) of your Individual Rules, this Office respectfully requests that the Court, *sua sponte,* review the personal involvement of the Unserved Defendants in this matter under 28 U.S.C. § 1915A(b).

I.  **Relevant Allegations**

Plaintiff Ralph Rodriguez ("Plaintiff") is an incarcerated individual at Fishkill Correctional Facility ("Fishkill CF"). Plaintiff's Complaint ("Comp." or "Rodriguez II") (Dkt. No. 2) alleges causes of action originating from an alleged use of excessive force on Plaintiff by members of a DOCCS Correctional Emergency Response Team ("C.E.R.T") at Fishkill CF on December 30, 2021. Compl., p. 22, ¶ 13. These include claims of excessive force against the C.E.R.T team members, failure to intervene by investigators with the DOCCS Office of Special Investigators ("OSI") and at least one correction officer, and deliberate indifference to the use of excessive force by supervisory DOCCS employees. Compl., pp. 22–26. Plaintiff also seemingly brings claims of deliberate indifference to his medical needs (Compl., pp. 26–30), and conspiracy to deprive him of adequate recourse for the actions that took place on December 30, 2021 by, in part, not adequately addressing his grievances. Compl., pp. 29, 34–35, 37. None of these allegations state a claim on which relief can be granted and, therefore, Plaintiff's Complaint should be dismissed.

II. **Legal Standard**

In determining the facial sufficiency or plausibility of a claim, only the well pleaded factual allegations are entitled to the assumption of truth, not conclusions of law or other conclusory allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Where Plaintiff here pleads factual allegations—as opposed to conclusions of law and conclusory allegations—he fails to make clear which allegations are made against which party, or repeats claims made in prior lawsuits. For these reasons, the Complaint in its current form should be dismissed.

III. **Personal Involvement - Group Pleading**

As an initial matter, Plaintiff fails to sufficiently plead the personal involvement of defendants in his alleged constitutional deprivations, instead relying on impermissible group

2

pleading. It is well settled that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal citations omitted). "Group pleading" against defendants fails to satisfy the requirement of personal involvement, as it "fails to differentiate as to which defendant was involved in the alleged unlawful conduct [and] are insufficient to state a claim." Adamou v. Cnty. of Spotsylvania, Va., No. 12 Civ. 7789, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016)[2] (citing Autuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (complaint cannot "lump all the defendants together in each claim and provide no factual basis to distinguish their conduct."); Leneau v. Ponte, No. 16 Civ. 776, 2018 WL 566456, *15 (S.D.N.Y Jan. 25, 2018) ("complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim").

Throughout the Complaint, Plaintiff simply identifies "defendants" rather than particularizes which individual defendant is responsible for which Constitutional deprivation. See, e.g., Compl. ¶ 62 ("Defendants also 'failed to protect,' plaintiff because prior C.E.R.T entering the housing unit 9-1, they already went through a number of housing unit …"); ¶ 76 ("[t]he policy created by defendants authorizes C.E.R.T. to enter into prison facility . . ."). Distinguishing which allegations are made against which defendants is particularly important here where Plaintiff names over twenty defendants in his Complaint. See Compl. ¶¶ 3 – 4. Accordingly, the Complaint in its current form should be amended or dismissed in its entirety for the failure to properly state a claim.

IV.     **Personal Involvement–Generally**

Relatedly, Plaintiff's claims against several defendants, such as Defendants Mitchell, Akinyombo, and Reams, fail to sufficiently plead their personal involvement in any of the events

---

[2] Unpublished decisions, including those cited in this pre-motion conference letter, were sent to Plaintiff with Served Defendants' letter, in accordance with Your Honor's Individual Rules.

within Plaintiff's Complaint. Personal involvement "requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). In his Complaint, Plaintiff identifies Defendant "John Doe #1" (later determined to be Robert Mitchell[3]) as "Director of C.E.R.T" under the subheading "DEFENDANTS" but then fails to make any allegations of personal involvement against him, even under the subheading "supervisor liability." See Compl., ¶¶ 67–69. Similarly, Plaintiff claims he "wrote to [Defendant Akinyombo, Deputy Superintendent of Health Services] informing him of the lack of medical care given. . . and he still did nothing to assist." Compl., ¶ 55. This type of vague, indirect allegation fails to demonstrate the personal involvement of Defendant Akinyombo in Plaintiff's alleged constitutional deprivation, as respondent superior fails to suffice as a theory of liability. See Tangreti, 983 F.3d at 618. Lastly, Defendant Reams appears to only be named in Plaintiff's Complaint because she oversaw the grievance system at Fishkill, which Plaintiff claims was "inadequate" and evidence that Defendants "conspired to stop plaintiff's attempts to acquire information." Compl., ¶¶ 48–51, 73. Not only does this allegation fail to demonstrate Defendant Reams's personal involvement in Plaintiff's alleged injuries, but it fails as a matter of law, as there are no recognized claims for failing to investigate complaints or for mishandling grievances. See Cancel v. Goord, No. 00 Civ. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001). Nor are intra-corporate conspiracy claims recognized as viable causes of action. Little v. City of New York, 487 F. Supp. 2d 426, 442 (S.D.N.Y. 2007) (dismissing

---

[3] Plaintiff identifies the Director of C.E.R.T as "John Doe #1" and Defendants subsequently revealed his identity to be Robert Marshall in a response to this Court's Valentin Order (Dkt. Nos. 6, 9).

4

conspiracy claims under the intra-corporate doctrine) (internal citation omitted). As a result, these claims should be dismissed.

V.  **Duplicative Litigation/Res Judicata**

Plaintiff's claims regarding the deliberate indifference to his medical needs also fail as duplicative of prior litigation, *to wit*: Rodriguez v. Burnett, 22 Civ. 2198 ("Rodriguez I"). A court may dismiss an action that is duplicative of another, previously filed suit. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis, 226 F.3d at 139.

In Rodriguez I, Plaintiff alleged that Defendant Sullivan was deliberately indifferent to his medical requests, including certain pain medication, physical therapy, and his request for an egg crate mattress. In this action, Plaintiff claims that Defendant Sullivan, among other defendants, generally provided "inadequate medical care" by failing to provide "pain medication consistent with the severity of injuries" and that Defendant Sullivan "refuse[ed] to provide plaintiff with an extra mat or egg crate." Compl., ¶ 55. The allegations in Rodriguez II are duplicative of the claims he made in Rodriguez I. Plaintiff also purportedly attempts to claim Defendants failed to provide reasonable accommodations to him under the ADA and Section 504 of the Rehab Act. Compl., pp. 64–66. Not only was this allegation previously made in Rodriguez I, but it was dismissed in this Court's June 7, 2023 Opinion and Order. See Rodriguez I, 2023 U.S. Dist. LEXIS 99666, *13–14, 22 Civ. 2198 (S.D.N.Y. June 7, 2023). Accordingly, Plaintiff's claim that defendants failed to provide him reasonable accommodations should be dismissed under the related theory of *res judicata*. Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").

Accordingly, Defendants respectfully request a pre-motion conference for the reasons stated herein or, alternatively, a briefing schedule, on the proposed motion to dismiss. Defendants respectfully propose the following briefing schedule if a pre-motion conference is waived by the Court: Defendants' Motion to be filed by September 12, 2023; Plaintiff's Opposition to be filed by October 12, 2023; and Defendants' Reply, if any, to be filed by October 26, 2023.

                                          Respectfully submitted,

                                          /s/ Andrew Blancato
                                          ANDREW BLANCATO
                                          Assistant Attorney General
                                          New York Attorney General
                                          28 Liberty Street
                                          New York, NY 10005
                                          (212) 416-6359
                                          andrew.blancato@ag.ny.gov

cc:    Ralph Rodriguez
        DIN: 17A0928
        Fishkill Correctional Facility
        P.O. Box 307
        Beacon, NY 12508