UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALPH RODRIGUEZ,

                          Plaintiff,

-against-

EDWARD R. BURNETT, et al.,

                          Defendants.

**ORDER OF SERVICE**

22-CV-10056 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated at Fishkill Correctional Facility ("Fishkill") and proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration at Fishkill. On February 1, 2023, the Court directed the Clerk of Court to complete the USM-285 forms with the addresses for, and deliver all documents necessary to effect service to the U.S. Marshals Service on, Defendants Superintendent Edward R. Burnett; Deputy of Security Stephen Urbanski; Deputy Superintendent Akinola Akinyombo; Sergeant Block; Supervisor Sally A. Reams; Mohammad A. Bhuiyan; Davachi M. Sullivan; Oujas Gifty; and Sangeethe L. Mukkatt. (Doc. 6). The Court also dismissed all claims brought against New York State, County of Dutchess, Commissioner Annucci, and Governor Hochul. (*Id.*). Thereafter, the Court issued an order of service with respect to Defendants Robert Mitchell, Richard Flanagan, Johnathon Franco, Angel Matos, Vincent Santiago, Jean Marc Oge, Jason Crofoot, Carlton Garrett, Christopher Ciacco, Shawn Hanley, Alexis Cherry, Jan Okusko, and ARose on May 1, 2023. (Doc. 10). Defendants informed the Court on September 10, 2023, that service was attempted on Defendants Franco, Garrett, Matos, Oge, and Santiago at the incorrect correctional facility due to errors on the U.S. Marshal's Service Process Receipts and Return form. (Doc. 41). Nevertheless, service was deemed completed on behalf of Defendants

Garrett, Matos, Oge, and Santiago as of August 16, 2023. *Id*. As set forth below, the Court directs the Clerk of Court to issue a summons to Defendant Franco.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Franco through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Franco.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to: (i) mail an information package to Plaintiff; (ii) issue a summons for Defendant Franco; and (iii) complete the USM-285 forms with the address for Defendant Franco, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         September 12, 2023

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. C.O. Johnathon Franco, Badge # 13-38
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442