UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RALPH RODRIGUEZ,                                  :
                                                  :
                              Plaintiff,          :
                                                  :           **22-CV-10056-PMH**
                - against -                        :
                                                  :
EDWARD BURNETT, et al.,                            :
                              Defendants.          :
------------------------------------------------------------ :
                                                  X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

LETITIA JAMES
Attorney General of the
State of New York
<u>Attorneys for Defendants</u>
28 Liberty Street
New York, New York 10005
(212) 416- 8659

ANDREW BLANCATO
Assistant Attorney General
<u>Of Counsel</u>

i

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

STANDARDS OF REVIEW .......................................................................................... 3

ARGUMENT ................................................................................................................. 4

    POINT I ...................................................................................................................... 4

    PLAINTIFF FAILS TO ALLEGE DEFENDANTS' PERSONAL INVOLVEMENT...... 4

        A.   Claims I and III – VIII Impermissibly Rely on Group Pleading ............................ 4

        B.   Personal Involvement of Defendants Mitchell, Akinyombo, and Reams ................ 5

    POINT II ..................................................................................................................... 6

    PLAINTIFF'S MEDICAL INDIFFERENCE CLAIMS ARE DUPLICATIVE OF HIS

        CLAIMS IN A PRIOR SUIT AND SHOULD THEREORE BE DISMISSED............. 6

    POINT III .................................................................................................................... 7

    PLAINTIFF NEITHER PLEADS AN OBJECTIVELY SERIOUS MEDICAL RISK

        NOR DELIBERATE INDIFFERENCE BY ANY DEFENDANT. .................................. 7

    POINT IV ................................................................................................................... 10

    PLAINTIFF RETALIATION CLAIM FAILS TO STATE FACTS WHICH COULD

        PLAUSIBLY SUPPORT THE CAUSE OF ACTION.................................................. 10

    POINT V ..................................................................................................................... 11

    PLAINTIFF'S SUPERVISOR LIABILITY CLAIM FAILS. ............................................ 11

    POINT VI ................................................................................................................... 11

    DEFENDANTS BURNETT AND URBANSKI ARE ENTITLED TO ............................. 11

    QUALIFIED IMMUNITY. ............................................................................................ 11

    POINT VII .................................................................................................................. 13

    PLAINTIFF'S SEARCH AND SEIZURE COA FAILS AS A MATTER OF LAW. ...... 13

    POINT VIII ................................................................................................................. 13

**THERE IS NO PRIVATE RIGHT OF ACTION FOR AN ALLEGED NINTH AMENDMENT VIOLATION.**..........................................................................13

**POINT IX** ...................................................................................................13

**PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS TO SUFFICIENTLY ALLEGE UNEQUAL TREATMENT.** ..............................................................13

**POINT X** ....................................................................................................15

**PLAINTIFF FAILS TO ALLEGE A SUBSTANTIAL BURDEN**....................15

**ON HIS RELIGIOUS PRACTICE.** ...........................................................15

**POINT XI** ..................................................................................................16

**THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS.** .............................................................................................16

**CONCLUSION** ...........................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Adamou v. Cnty. of Spotsylvania, Va.*, No. 12 Civ. 7789 (ALC)(SN), 2016 WL
    1064608, 563 U.S. 731 (S.D.N.Y. Mar. 14., 2016) ..................................................4

*Ashcroft v. al-Kidd*,
    563 U.S. 731 (2011)............................................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................... *passim*

*Autuahene v. City of Hartford*,
    10 Fed. Appx. 33, 34 (2d Cir. 2001) ...........................................................4

*Ayers v. Coughlin*,
    780 F.2d 205 (2d Cir. 1985).........................................................................5

*Banks v. Cnty. of Westchester*,
    168 F. Supp. 3d 682, 696 (S.D.N.Y. 2016).............................................15

*Baskerville v. Goord*,
    No. 97-cv-6413 (BSJ), 2000 WL 897153, *3 (S.D.N.Y. July 6, 2000)..................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................3

*Bradshaw v. City of New York*,
    17 Civ. 1199 (AJP), 2017 WL 6060781, *34 (S.D.N.Y. Dec. 7, 2017) ..................15

*Cancel v. Goord*,
    No. 00 Civ. 2042 (LMM), 2001 WL 303713 (S.D.N.Y. Mar. 29, 2001) ...............6

*Curtis v. Citibank, N.A.*,
    226 F.3d 133, 138 (2d Cir. 2000) .................................................................7

*Dawes v. Walker*,
    239 F.3d 489 (2d Cir. 2001) ......................................................................10

*Diesel v. Town of Lewisboro*,
    232 F.3d 92, 103 (2d Cir. 2000) ................................................................14

*Dolan v. Connolly*,
    794 F.3d 290 (2d Cir. 2015)........................................................................10

*Farid v. Smith*,
    850 F.2d 917 (2d Cir. 1988)..........................................................................16

*Farmer v. Brennan*,
    511 U.S. 825 (1994).......................................................................................8

*Flaherty v. Lang*,
    199 F.3d 607, 612 (2d Cir. 1999)..............................................................7, 10

*Fortunati v. State*,
    503 Fed. Appx. 78, 81 (2d Cir. 2014)...........................................................13

*Hayden v. Paterson*,
    594 F.3d 150 (2d Cir. 2010)...........................................................................4

*Hudson v. Palmer*,
    468 U.S. 517, 525 (1984).............................................................................13

*LeClair v. Saunders*,
    627 F.2d 606, 609-10 (2d Cir. 1980) ...........................................................14

*Leneau v. Ponte*,
    No. 16 Civ. 776 (GHW), 2018 WL 566456, *15 (S.D.N.Y. Jan. 25, 2018)...............4

*Lloyd v. Lee*,
    570 F. Supp. 2d 556, 566 (S.D.N.Y. 2008)..................................................14

*O'Banion v. Anderson*,
    50 Fed. Appx. 775, 776 (7th Cir. 2002).......................................................16

*Oates v. Fradette*,
    21-CV-6649 (CJS) 2022 WL 673118, *6–7 (W.D.N.Y. Mar. 7, 2022) ...................15

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v.*
    *Morgan Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2d Cir. 2013)..........................................................................3

*Poe v. Leonard*,
    282 F. 3d 123 (2d Cir. 2002).......................................................................12

*Robison v. Via*,
    821 F.2d 913 (2d Cir. 1987).........................................................................12

*Robinson v. Wolf-Friedman*,
    No. 18-CV-2409 (KMK), 2019 WL 4640236, at *6 (S.D.N.Y. Sept. 24, 2019)......9

*Salahuddin v. Goord*,
    467 F.3d 263 (2d Cir. 2006).....................................................................8, 15

*Sanchez v. Shanley*,
   No. 9:20-CV-0648 (GTS)(ML) 2020 WL 6440272, *8 (N.D.N.Y. Nov. 3,
   2020) ................................................................................................................................15

*Scott v. Coughlin*,
   344 F.3d 282 (2d Cir. 2003)..............................................................................................10

*Seminole Tribe of Fla. v. Fla.*,
   517 U.S. 44 (1996)..............................................................................................................16

*Sonds v. St. Barnabas Hosp. Corr. Health Servs.*,
   151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001)........................................................................9

*Sossamon v. Texas*,
   563 U.S. 277, 285–86 (2011)..............................................................................................16

*Spavone v. N.Y. State Dep't of Corr. Servs.*,
   719 F.3d 127, 138 (2d Cir. 2013).........................................................................................9

*Tangreti v. Bachmann*,
   983 F.3d 609 (2d Cir. 2020)........................................................................................5,6, 11

*Terebesi v. Torreso*,
   764 F.3d 217, 233 (2d Cir. 2014).......................................................................................13

*Thomas v. DeCastro*,
   No. 14 Civ. 6409 (KMK), 2018 WL 1322207 (S.D.N.Y. Mar. 13, 2018) ...........................11

*Washington v. Gonyea*,
   731 F.3d 143, 145 (2d Cir. 2013).......................................................................................16

*White v. Pauly*,
   580 U.S. 73 (2017)..............................................................................................................12

*Wilson v. Seiter*,
   501 U.S. 294 (1991)..............................................................................................................8

*Wright v. Smith*,
   21 F.3d 496 (2d Cir. 1994)...................................................................................................4

## Rules

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 3

## PRELIMINARY STATEMENT

Defendants Edward Burnett, Sally Reams, Mahnaz Sullivan-Davachi ("Defendant Sullivan"), Michael Blot (A/K/A Sgt. Block), Sangeethe L. Mukkat, Vincente Santiago, Carlton Garrett, Jean Marc Oge, Richard Flanagan, Jason Crofoot, Christopher Ciaccio, Jan Okusko, Aleshia Rose, Alexis Cherry, Robert Mitchell, Stephen Urbanski, Akinola Akinyombo, Mohammad Bhuiyan, Oujas Gifty, and Jonathan Franco ("Defendants"), all current or former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint. (ECF Doc. No. 2).

Plaintiff Ralph Rodriguez ("Plaintiff") is an incarcerated individual currently and at all relevant times was incarcerated at Fishkill Correctional Facility ("Fishkill"). In his *pro se* Complaint ("Complaint" or "Compl."), Plaintiff alleges causes of action originating from an alleged use of excessive force on Plaintiff by members of a DOCCS Correctional Emergency Response Team ("C.E.R.T") at Fishkill on December 30, 2021. Compl., p. 22, ¶ 13. These include claims against C.E.R.T team members, DOCCS Office of Special Investigators ("OSI"), at least one correction officer, and supervisory DOCCS employees. Compl., pp. 22–26. Read liberally, Plaintiff also brings claims of deliberate indifference to his medical needs, (Compl., pp. 26–30), and conspiracy to deprive him of adequate recourse for the actions that took place on December 30, 2021, by, in part, not adequately addressing his grievances. Compl., pp. 29, 34–35, 37. None of these allegations state a claim on which relief can be granted as Plaintiff fails to sufficiently allege the personal involvement of several named Defendants and relies on group pleading to allege claims against several others. Further, Plaintiff's claims of deliberate indifference to his

1

medical needs were already made in an action pending before this court. Plaintiff's remaining claims should be dismissed as a matter of law. Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this motion. On December 30, 2021 at approximately 7:00 A.M., Plaintiff claims he was suddenly pulled from his bed by C.E.R.T officers conducting a raid on several housing units at Fishkill including his own, unit 9-1. Compl., ¶¶ 13–15. Plaintiff claims C.E.R.T. team members used excessive force when they pulled him out of his bed, threw him headfirst onto the ground, then beat him for approximately five minutes with closed fists to the head, back, face, ribs, stomach, legs, and testicles. Id. at ¶¶ 15, 34. Plaintiff also claims this force was accompanied by disparaging and racist comments, some of which he alleges were made by Defendant Blot who purportedly led the C.E.R.T. raid. Id. at ¶¶ 16–17, 19–20. Plaintiff further claims OSI personnel were not in Plaintiff's dorm when this assault happened but arrived thereafter and "knew what was going on and did nothing to prevent it." Id. at ¶ 20. Plaintiff claims he suffered "extreme pain" as a result of the force used by C.E.R.T. officers and requested medical attention at approximately 12:00 P.M. Id. at ¶¶ 26, 28. Plaintiff claims this request was initially ignored, but then later granted at approximately 5:30 P.M. when he was "escorted to medical." Id. Nonetheless, Plaintiff claims that he was provided ace bandages and pain relief medication by Defendant Sullivan despite requesting an X-Ray or MRI. Id at ¶¶ 37, 39.

Plaintiff pleads nine causes of action as a result of the facts above, which have been reduced to eight following the Court's *sua sponte* dismissal of Plaintiff's municipal liability claim: (Cause of Action ["COA"] I) retaliation made against unknown defendants (see pp. 47–49); (COA II)

illegal search and seizure against C.E.R.T. officers (see pp. 50–52); (COA III) deliberate indifference to serious medical needs against Defendant Bhuiyan, Defendant Blot, and several unnamed defendants (see pp. 53–57); (COA IV) Ninth Amendment violations against unnamed Defendants (see pp. 58–59); (COA V) Equal Protection Clause violations against unnamed "Correctional Officials" (see pp. 60–61; (COA VI) religious freedom violations under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (see pp. 62–63); (COA VII) disability discrimination against unnamed Defendants (see pp. 64–66); (COA VIII) supervisor liability against unnamed Defendants (see pp. 68– 69); and (COA IX) municipal liability against unnamed Defendants (see pp. 70–73), which was dismissed by this Court in a February 1, 2023 Order (ECF Doc. No. 6). For the reasons stated below, all Plaintiff's causes of action should be dismissed.

## STANDARDS OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts follow a "two pronged approach" to determine plausibility. Iqbal, 556 U.S. at 678. "First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 678). Conclusory allegations are not entitled to the assumption of truth in a complaint sufficiency analysis. See Iqbal, 556 U.S. at 678-79. Second, "a court should

determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

## ARGUMENT

### POINT I
### PLAINTIFF FAILS TO ALLEGE DEFENDANTS' PERSONAL INVOLVEMENT.

#### A.  Claims I and III – VIII Impermissibly Rely on Group Pleading

With regard to Plaintiff's Causes of Action ("COA") I, III-VIII, Plaintiff fails to sufficiently plead the personal involvement of Defendants in his alleged constitutional deprivations, instead relying on impermissible group pleading. It is well settled that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal citations omitted). "Group pleading" against defendants fails to satisfy the requirement of personal involvement, as it "fails to differentiate as to which defendant was involved in the alleged unlawful conduct [and] are insufficient to state a claim." Adamou v. Cnty. of Spotsylvania, Va., No. 12 Civ. 7789 (ALC)(SN), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) (citing Autuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (complaint cannot "lump all the defendants together in each claim and provide no factual basis to distinguish their conduct."); Leneau v. Ponte, No. 16 Civ. 776 (GHW), 2018 WL 566456, *15 (S.D.N.Y Jan. 25, 2018) ("complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim").

Throughout the Complaint, Plaintiff simply identifies "defendants" rather than particularizes which individual defendant is responsible for which Constitutional deprivation. See,

e.g., Compl. ¶ 62 ("Defendants also 'failed to protect,' plaintiff because prior C.E.R.T entering the housing unit 9-1, they already went through a number of housing unit …"); ¶ 76 ("[t]he policy created by defendants authorizes C.E.R.T. to enter into prison facility . . ."). Distinguishing which allegations are made against which defendants is particularly important here where Plaintiff names over twenty Defendants in his Complaint. See Compl. ¶¶ 3–4. The failure to identify Defendants is also particularly indefensible here, where Defendants complied with the Court's Valentin Order by identifying the 13 Defendants who were initially labeled John or Jane Doe. See ECF Doc. No. 9. Plaintiff however failed to amend his Complaint to identify which Defendants were responsible for which actions. Plaintiff further failed to amend after Defendants twice warned him the group pleading deficiency could lead to dismissal of his claims – through the exchange of letters pursuant to section 4(C) of this Court's Individual Rules and by filing a pre-motion conference letter on July 19, 2023. (ECF Doc. No. 24). Despite ample opportunity and warning, Plaintiff has not amended his Complaint. Accordingly, the Complaint in its current form should be dismissed for failing to properly state a claim by not personally identifying Defendants.

   **B.  Personal Involvement of Defendants Mitchell, Akinyombo, and Reams**

   Relatedly, Plaintiff's claims against Defendants Mitchell, Akinyombo, and Reams fail to sufficiently plead their personal involvement in any of the events within Plaintiff's Complaint. Personal involvement "requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti, 983 F.3d at 618 (quoting Iqbal, 556 U.S. at 676). In his Complaint, Plaintiff identifies Defendant "John Doe #1" (later determined to be Robert

Mitchell[1]) as "Director of C.E.R.T" under the subheading "DEFENDANTS" but then fails to make any allegations of personal involvement against him, even under the subheading "supervisor liability." See Compl., ¶¶ 67–69. Similarly, Plaintiff claims he "wrote to [Defendant Akinyombo, Deputy Superintendent of Health Services] informing him of the lack of medical care given. . . and he still did nothing to assist." Compl., ¶ 55. This type of vague, indirect allegation fails to demonstrate the personal involvement of Defendant Akinyombo in Plaintiff's alleged constitutional deprivation, as respondent superior fails to suffice as a theory of liability. See Tangreti, 983 F.3d at 618. Lastly, Defendant Reams appears to only be named in Plaintiff's Complaint because she oversaw the grievance system at Fishkill, which Plaintiff claims was "inadequate" and evidence that Defendants "conspired to stop plaintiff's attempts to acquire information." Compl., ¶¶ 48–51, 73. Not only does this allegation fail to demonstrate Defendant Reams's personal involvement in Plaintiff's alleged injuries, but it fails as a matter of law, as there are no recognized claims for failing to investigate complaints or for mishandling grievances. See Cancel v. Goord, No. 00 Civ. 2042 (LMM), 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001). As a result, the claims against these Defendants should be dismissed.

## POINT II
## PLAINTIFF'S MEDICAL INDIFFERENCE CLAIMS ARE DUPLICATIVE OF HIS CLAIMS IN A PRIOR SUIT AND SHOULD THEREORE BE DISMISSED.

With respect to Plaintiff's claims regarding the deliberate indifference to his medical needs, as alleged in COA III and VII against Defendants Sullivan, Blot, and Bhuiyan, Akinyombo, and unnamed Defendants, these claims must be dismissed because they are duplicative of prior litigation, to wit:  Rodriguez v. Burnett, 22 Civ. 2198 ("Rodriguez I"). A court may dismiss an action that is duplicative of another, previously filed suit. Curtis v. Citibank, N.A., 226 F.3d 133,

---

[1] Plaintiff identifies the Director of C.E.R.T as "John Doe #1" and Defendants subsequently revealed his identity to be Robert Marshall in a response to this Court's Valentin Order. (ECF Doc. Nos. 6, 9).

138 (2d Cir. 2000). A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis, 226 F.3d at 139.

In Rodriguez I, Plaintiff alleged that Defendant Sullivan was deliberately indifferent to his medical requests, including by denying certain pain medication, physical therapy, and his request for an egg crate mattress. See Rodriguez I Compl., ¶¶ 40–52, 63. In this action, Plaintiff claims that Defendant Sullivan, among other defendants, generally provided "inadequate medical care" by failing to provide "pain medication consistent with the severity of injuries" and that Defendant Sullivan "refuse[d] to provide plaintiff with an extra mat or egg crate." Compl., ¶ 55. The allegations in Rodriguez II are duplicative of the claims he made in Rodriguez I.[2]

Plaintiff also attempts to claim that Defendants failed to provide reasonable accommodations to him under the ADA and Section 504 of the Rehabilitation Act. Compl., pp. 64–66. Not only was this allegation previously made in Rodriguez I, (see Rodriguez I Compl., pp. 16–18), but it was dismissed in this Court's June 7, 2023 Opinion and Order. See Rodriguez I, 2023 U.S. Dist. LEXIS 99666, *13–14, 22 Civ. 2198 (PMH) (S.D.N.Y. June 7, 2023). Accordingly, Plaintiff's claim that defendants failed to provide him reasonable accommodations should be dismissed under the related theory of *res judicata*. Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").

## POINT III
## PLAINTIFF NEITHER PLEADS AN OBJECTIVELY SERIOUS MEDICAL RISK NOR DELIBERATE INDIFFERENCE BY ANY DEFENDANT.

---

[2] Although not specifically pled as a cause of action, Plaintiff claims he suffered physical injuries as a result of Alexander Gibbons' use of force on December 31, 2021 (the day following the C.E.R.T. raid). See Compl., ¶¶ 40–45. To the extent this is intended to be a separate cause of action, it should also be dismissed as duplicative, as Plaintiff made this claim in Rodriguez I as well. See Rodriguez I Compl., ¶¶ 41–43.

Even if Plaintiff's claim of deliberate indifference to his medical needs in COA III is not deemed duplicative, the claim fails for the additional reason that he has not sufficiently alleged facts demonstrating he suffered a serious injury or that Defendants were subjectively indifferent to the injury. The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). A Plaintiff who pleads deliberate indifference to his medical needs must satisfy a two-part test. First, the alleged deprivation of adequate medical care must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the charged official must act, subjectively, with a sufficiently culpable state of mind. Wilson, 501 U.S. at 300. Plaintiff must establish a particular Defendant's deliberate indifference, a mental state, which "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280 (citing Farmer, 511 U.S. at 836-87). "The defendant's belief that his conduct poses no risk of serious harm (or an insubstantial risk of serious harm) need not be sound so long as it is sincere. Thus, even if objectively unreasonable, a defendant's mental state may be nonculpable." Salahuddin, 467 U.S. at 281.

Here, Plaintiff seems to imply the Defendants were deliberately indifferent to his medical needs because, in addition to denying him an "egg crate" or supportive padding for sleeping, he was not given an MRI or X-Ray following his initial treatment with Defendant Sullivan following the C.E.R.T. raid. See Compl., ¶¶ 37, 39. Plaintiff's injuries from the C.E.R.T. raid – as heinous as he describes the force itself – are only described by vague allegations of having suffered "extreme pain, especially to the left ankle, back, neck, and head." Id. at ¶ 26. These allegations fail to demonstrate an objectively serious medical risk. See Comp. pp. 11–14, 27–29.

Plaintiff further fails to demonstrate Defendants acted with a sufficiently culpable state of mind. For example, Plaintiff claims Defendant Sullivan was deliberately indifferent to his medical needs when she gave Plaintiff ace bandages and Aspirin instead of ordering him an X-Ray or MRI after the C.E.R.T. raid. ¶¶ 37, 39, 58.[3] Plaintiff's dissatisfaction with Defendant Sullivan's treatment provided does not demonstrate deliberate indifference, as medical decisions regarding courses of treatment are precisely the type of discretionary determinations which fail to demonstrate a culpable state of mind. "A prisoner is not entitled to the best healthcare possible or even to a choice among available treatment modalities." Robinson v. Wolf-Friedman, No. 18-CV-2409 (KMK), 2019 WL 4640236, at *6 (S.D.N.Y. Sept. 24, 2019) (internal quotation marks omitted); see Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) ("prison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons").

Likewise, the deliberate indifference to medical needs claim should be dismissed against Defendants Blot and Bhuiyan because there are no facts to suggest either Defendant was subjectively "reckless in their denial of medical care." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013). There are no facts in the Complaint suggesting Defendant Blot knew or should have known Plaintiff was in need of medical attention, and the only fact suggesting Defendant Bhuiyan may have been aware is based on his response to Plaintiff's alleged request to for medical attention, to which Defendant Bhuiyan allegedly replied, "you see everything that going on right, you'll have to wait." ¶ 28. This sole reference to Defendant Bhuiyan's actions –

---

[3] While Plaintiff omits this information in the body of his Complaint, the diagnostic testing notification annexed as Exhibit J to Plaintiff's Complaint indicates that Defendant Sullivan ordered Plaintiff an X-Ray that was performed on January 9, 2022. See Compl., p. 128.

which does not even qualify as a denial of medical care as much as it qualifies as a request for Plaintiff to wait for medical care – fails to demonstrate a reckless or intentional denial of medical care. As Plaintiff fails to allege facts that demonstrate either an objectively serious medical risk or that the responsible Defendants acted with a sufficiently culpable state of mind, his claim of deliberate indifference to his medical needs must fail.

**POINT IV**
**PLAINTIFF RETALIATION CLAIM FAILS TO STATE FACTS WHICH COULD PLAUSIBLY SUPPORT THE CAUSE OF ACTION.**

Plaintiff's claim of retaliation, as asserted in COA I must be dismissed because it fails to demonstrate a causal connection between Plaintiff's alleged protected activity and the adverse actions allegedly taken against him. Incarcerated individuals asserting retaliation claims have the burden of showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) (quoting Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002)). Further, retaliation claims must be "supported by specific and detailed factual allegations, not stated in wholly conclusory terms." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). Consequently, courts must assess the retaliation claims of incarcerated individuals with "skepticism and particular care" because such claims are "easily fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds, Swierkiewicz, 534 U.S. 506.

In the instant matter, Plaintiff claims that Defendants retaliated against him for "exercising his Constitutional right to petition the court for the wrongdoing of correctional officials and grieving them." Compl., p. 49. Not only is this claim duplicative, as it is the reason behind

10

Plaintiff's retaliation claim he made in <u>Rodriguez I</u> (<u>see</u> <u>Rodriguez I</u> Compl., ¶ 69), but this claim lacks any non-conclusory allegations of a causal connection between the actions by C.E.R.T team members' (if that is to whom is this cause of action is directed) alleged excessive force and the filing of prior lawsuits. <u>See</u> <u>Thomas v. DeCastro</u>, No. 14 Civ. 6409 (KMK), 2018 WL 1322207, at *10 (S.D.N.Y. Mar. 13, 2018). Plaintiff's conclusory allegations that unnamed Defendants were motivated by unidentified prior lawsuits and grievances does not give rise to a plausible retaliation claim.

## POINT V
## PLAINTIFF'S SUPERVISOR LIABILITY CLAIM FAILS.

Plaintiff independently alleges supervisory liability in his eighth COA. Compl., pp. 67 69. This claim fails as there are not sufficiently plead facts establishing supervisor liability in any of the events within the Complaint. As indicated above, "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" <u>Tangreti</u>, 983 F.3d at 618 (quoting <u>Iqbal</u>, 556 U.S. at 676).

Like the majority of his claims, Plaintiff's supervisor liability claims are made against unnamed Defendants. Compl., ¶¶ 68–69. Plaintiff cannot attach supervisor liability by simply claiming supervisors were liable. <u>Iqbal</u>, 556 U.S. at 676 ("[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). For this reason, these claims should be dismissed.

## POINT VI
## DEFENDANTS BURNETT AND URBANSKI ARE ENTITLED TO
## QUALIFIED IMMUNITY.

To the extent that the Court finds that Plaintiff adequately alleges the personal involvement of Defendant Burnett or Defendant Urbanski, qualified immunity nonetheless bars any damage

claims against them. See Poe v. Leonard, 282 F.3d 123, 134 (2d Cir. 2002) (qualified immunity analysis applies to a plaintiff's theory of supervisory involvement). Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that their acts did not violate these clearly established rights. White v. Pauly, 580 U.S. 73, 77 (2017). "[C]onduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (citation and internal quotation marks omitted). The Supreme Court instructs "not to define clearly established law at a high level of generality." Id., 563 U.S. at 742. Qualified immunity is also available if, notwithstanding the clear delineation of the rights, "it was objectively reasonable for [an official] to believe that his acts did not violate those rights." Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987).

While not specifically identified in Plaintiff's supervisory liability cause of action, Defendant Burnett and Defendant Urbanski are identified by Plaintiff as the Superintendent and Dep[uty] of Security for Fishkill, respectively. Compl., p. 3. But again, the only allegation Plaintiff makes regarding Defendant Burnett and Defendant Urbanski's actions in the C.E.R.T. raid is that they "authoriz[ed] the deployment of C.E.R.T. without just cause." See Compl., ¶ 9. Even accepting these allegations as true, it does not rise to the level of violating clearly established statutory or constitutional rights. Deploying specialized security personnel does not alone violate the law. See Terebesi v. Torreso 764 F.3d 217, 233 (2d Cir. 2014) (citing Fortunati v. State, 503 Fed. Appx. 78, 81 (2d Cir. 2014)) (granting qualified immunity to police chief regarding decision to call tactical team to search plaintiff's home as "there is no clearly established right in this Circuit

to be free from the deployment of a tactical team in general"). Accordingly, Defendants Burnett

and Urbanski are both entitled to qualified immunity.

## POINT VII
### PLAINTIFF'S SEARCH AND SEIZURE COA FAILS AS A MATTER OF LAW.

Plaintiff's claim that the C.E.R.T. raid was an unconstitutional search and seizure against

inmates is untenable because no such claim exists for incarcerated individuals. See Hudson v.

Palmer, 468 U.S. 517, 525 (1984) ("the Fourth Amendment's proscription against unreasonable

searches does not apply within the confines of the prison cell"). As Plaintiff claims the subject

C.E.R.T. raid was conducted inside the confines of his sleeping area within his dorm (Compl., ¶¶

15, 34), he cannot assert a cause of action for unlawful search and seizure. Accordingly, this claim

fails as a matter of law.

## POINT VIII
### THERE IS NO PRIVATE RIGHT OF ACTION FOR AN ALLEGED NINTH AMENDMENT VIOLATION.

Plaintiff's fourth COA purports to be a claim based on Defendants' violation of the Ninth

Amendment. The Ninth Amendment "is not an independent source of constitutional rights that

may be asserted in a civil rights action . . . [and] cannot serve as the basis for a § 1983 claim

because such a claim must be based on the violation of a right guaranteed by the U.S. Constitution

or federal law.[4]" Lloyd v. Lee, 570 F. Supp. 2d 556, 566 (S.D.N.Y. 2008). Accordingly, Plaintiff's

claim fails as a matter of law.

## POINT IX
### PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS TO SUFFICIENTLY ALLEGE UNEQUAL TREATMENT.

---

[4] Interestingly, Plaintiff acknowledges this but still seems to plead the claim. See Compl., p. 59 ("[t]he Court has stated
that the Ninth Amendment does not create Substantive Rights beyond those conferred by Governing Law").

Plaintiff pleads that he suffered a violation of the Equal Protection Clause of the Fourteenth Amendment based on his race and/or his disability. See Compl., ¶ 60, p. 61. Specifically, Plaintiff's claim seems to be based on the fact he was allegedly called a racial slur by a C.E.R.T. team member when the raid was conducted in his dorm. Comp., ¶ 16.  To prevail on an Equal Protection claim, a plaintiff must prove that he was treated differently from other similarly situated individuals and the reason for the different treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000) (quoting LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980)). Here, Plaintiff's equal protection claim must fail, as Plaintiff fails to plead with particularity that he was treated differently from others based on sufficient evidence independent of the above-referenced racial slur. See Baskerville v. Goord, No. 97-cv-6413 (BSJ), 2000 WL 897153, *3 (S.D.N.Y. July 6, 2000) ("[m]ere verbal abuse or the use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to [Section] 1983").    To the extent Plaintiff's Equal Protection rights were violated based on the additional fact he saw a white patient get admitted to the ICU when he was being discharged from Defendant Sullivan's care (Compl., ¶ 60), this fact is also insufficient to demonstrate the plausibility that Plaintiff received less-adequate medical care as a result of either his Hispanic heritage or his status as a disabled person.  See Bradshaw v. City of New York, 17 Civ. 1199 (AJP), 2017 WL 6060781, *34 (S.D.N.Y. Dec. 7, 2017) ("[t]he naked assertion by [a] plaintiff that 'race was a motivating factor' without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race is too conclusory to survive a motion to dismiss"); Banks v. Cnty. of Westchester, 168 F. Supp. 3d 682, 696 (S.D.N.Y. 2016) (dismissing discrimination claim because plaintiff failed "to put forth any meaningful comments,

14

actions, or examples of similarly-situated persons outside of his protected class being treated differently"). Accordingly, Plaintiff's Equal Protection Claim should be dismissed.

**POINT X**
**PLAINTIFF FAILS TO ALLEGE A SUBSTANTIAL BURDEN**
**ON HIS RELIGIOUS PRACTICE.**

Plaintiff claims that Defendants' actions caused a substantial burden on his religious practice as a Protestant. See Compl., p. 63.  Specifically, Plaintiff claims that Defendants' destruction of religious materials within his cell during the C.E.R.T. raid caused a substantial burden. Id. Even accepting these allegations as true, Plaintiff fails to plead a free exercise of religion claim because he does not allege *how* the Defendants' actions burdened his religious practice.  To state a plausible free exercise claim, "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs."  Salahuddin v. Goord, 467 F.3d 263, 274 – 75 (2d Cir. 2006). To plausibly allege a substantial burden, Plaintiff must "demonstrate that the wrongful conduct pressured him to commit an act forbidden by his religion or prevented him from having a religious experience mandated by his faith."  Oates v. Fradette, 21-CV-6649 (CJS) 2022 WL 673118, *6–7 (W.D.N.Y. Mar. 7, 2022) (internal quotations omitted). Plaintiff fails to plead facts demonstrating his religious practice was substantially burdened, which is fatal to his claim. See Sanchez v. Shanley, 9:20-CV-0648 (GTS)(ML) 2020 WL 6440272, *8 (N.D.N.Y. Nov. 3, 2020) ("it remains unclear from the allegations in the amended complaint and supporting exhibits how the alleged destruction of the 'altar' in plaintiff's cell 'substantially burdened' his 'sincerely held' religious beliefs"); O'Banion v. Anderson, 50 Fed. Appx. 775, 776 (7th Cir. 2002) ("O'Banion has no First Amendment freedom-of-religion claim because he does not suggest that the confiscation of his property restricted the exercise of his religious beliefs. He cannot resurrect his property claim simply by characterizing the feathers and

furs as 'religious property' without alleging that his religious observance was unreasonably restricted"). Accordingly, this claim should be dismissed.

## POINT XI
## THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS.

Plaintiff has sued all Defendants in both their personal and official capacities. See Comp., pp. 3–4. Suing individual defendants for damages in their official capacities pursuant to 42 U.S. § 1983 is barred by the Eleventh Amendment. See Seminole Tribe of Fla. v. Fla., 517 U.S. 44 (1996); Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988). Likewise, Plaintiff cannot recover under the RLUIPA, as "sovereign immunity forecloses the availability of money damages as a remedy against states and state actors in their official capacities under RLUIPA." Washington v. Gonyea, 731 F.3d 143, 145 (2d Cir. 2013) (citing Sossamon v. Texas, 563 U.S. 277, 285–86 (2011). Plaintiff's claims against Defendants in their official capacity should therefore be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court grant their Motion to in its entirety and dismiss the Complaint with prejudice.

Dated: New York, New York
       September 12, 2023

                        LETITIA JAMES
                        Attorney General of the
                        State of New York
                        Attorneys for Defendants
                        By:

                        __/s/ Andrew Blancato_____
                        Andrew Blancato
                        Assistant Attorney General
                        28 Liberty Street
                        New York, New York 10005
                        (212) 416- 8659
                        Andrew.Blancato@ag.ny.gov

16