UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALPH RODRIGUEZ,

                    Plaintiff,

        -against-

EDWARD R. BURNETT, et al.,

                  Defendants.

**ORDER**

22-CV-10056 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed a letter requesting, in part, "the assignment of pro bono counsel to assist in moving this case forward without unfair limitation or prejudice." (Doc. 102). The Court construes Plaintiff's letter as a request for the appointment of pro bono counsel and, for the reasons set forth below, denies the application.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

1

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed in Forma Pauperis ("IFP"), which the Court granted on December 1, 2022. (*See* Doc. 4). At that time, Plaintiff was incarcerated and residing at Fishkill Correctional Facility. (Doc. 1). Plaintiff thereafter moved to Wallkill Correctional Facility (Doc. 50), and on February 18, 2025, Plaintiff notified the Court that he had been released and was living in Ridgewood, New York (Doc. 97). Because Plaintiff appears to no longer be in the custody of the Department of Corrections, and he has not provided the Court with any update on his financial status since November 2022 (Doc. 1), the Court is unable to determine whether his financial status has or has not changed. *See Izeh v. NYPD*, No. 20-CV-06869, 2021 WL 355776, at *1 (S.D.N.Y.

Feb. 2, 2021). Therefore, Plaintiff has failed to demonstrate that he is indigent or unable to secure representation on his own, which standing alone, is sufficient for this Court to deny Plaintiff's request for pro bono counsel. *Terminate Control Corp.*, 28 F.3d at 1341.

In any event, even if Plaintiff sufficiently demonstrated that his financial status is unchanged and he is unable to secure representation on his own, Plaintiff's previous request for pro bono counsel (Doc. 77) was denied, with the directive that Plaintiff "may seek assistance from NYLAG or the Pro Se Clerk's Office." (Doc. 82). Although Plaintiff has now progressed beyond the motion to dismiss stage, the Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d at 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. While Plaintiff has represented that "due to serious medical complications requiring immediate invasive surgery, [he] is currently unable to fully litigate this matter," he has failed to provide any support for this statement, any timeline for how long this "emergency period" will last, or how long he will be "unable to fully litigate." This is insufficient for the Court to determine whether Plaintiff "is unable to investigate the crucial facts or present his case," or "why appointment of counsel would be more likely to lead to a just determination." *Ahmad v. White Plains City School Dist.*, No. 18-CV-03416, 2020 WL 3972274, at *2 (S.D.N.Y. July 14, 2020) (citing *Douglas v. Salotti,* No. 15-CV-00636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017) (denying appointment of counsel where the plaintiff has not provided any "supporting medical evidence," and thus "has not demonstrated that his [medical issue] presents a permanent hindrance to him prosecuting his case.")). Plaintiff has also failed to provide any support for the remaining *Hodge* factors, and as Plaintiff has successfully litigated one motion to dismiss on his own, this further undercuts the notion that representation would necessarily "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61-62.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for pro bono counsel is denied without prejudice to a renewed application later in the case.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: White Plains, New York
      April 23, 2025

                        _____
                        Philip M. Halpern
                        United States District Judge