UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RALPH RODRIGUEZ,

                                      Plaintiff,

- against -

                                                       22-CV-10056 (PMH)

MICHEL BLOT, MOHAMMAD BHUIYAN,
RICHARD FLANAGAN, JOHNATHAN
FRANCO, ANGEL MATOS, VICENTE
SANTIAGO, JEAN MARC OGE, JASON
CROFOOT, CARLTON GARRETT,
CHRISTOPHER CIACCIO, and ALEXIS
CHERRY,

                                    Defendants.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE*

<div align="center">

LETITIA A. JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8570

</div>

Gabriel Cahn
Assistant Attorneys General
*Of Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ............................................................................................ 1

LEGAL STANDARD ........................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

    **POINT I**: THE COURT SHOULD HOLD AN EVIDENTIARY HEARING ON DEFENDANTS' AFFIRMATIVE DEFENSE RELATED TO ADMINISTRATIVE EXHAUSTION UNDER THE PRISON LITIGATION REFORM ACT ................................. 2

    **POINT II**: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE ABOUT UNPLED OR PREVIOUSLY DISMISSED CLAIMS ................................................ 4

    **POINT III**: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY ABOUT THE REASON FOR THE DECEMBER 2021 CERT SEARCH AT FISHKILL ....... 6

    **POINT IV**: PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO UNRELATED INSTANCES OF DOCCS MISCONDUCT, UNRELATED PRIOR OR PENDING CIVIL LAWSUITS, OR UNSUBSTANTIATED ALLEGATIONS OF MISCONDUCT ........................................................................................................................ 6

    **POINT V**: PLAINTIFF SHOULD BE PRECLUDED FROM SPECULATING ABOUT SPOLIATION OF EVIDENCE ................................................................................................ 8

    **POINT VI**: DEFENDANTS SHOULD BE PERMITTED TO IMPEACH PLAINTIFF ABOUT THE ESSENTIAL FACTS OF HIS PRIOR CRIMINAL CONVICTIONS ............... 9

    **POINT VII**: PLAINTIFF SHOULD BE PRECLUDED FROM ASKING THE JURY FOR A SPECIFIC DOLLAR AMOUNT IN DAMAGES ................................................................... 11

CONCLUSION ..................................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arlio v. Lively*,
  474 F.3d 46 (2d Cir. 2007)............................................................................................... 7

*Berkovich v. Hicks*,
  922 F.2d 1018 (2d Cir. 1991).......................................................................................... 7

*Brundidge v. City of Buffalo*,
  79 F. Supp. 2d 219 (W.D.N.Y. 1999) ............................................................................. 9

*Colson v. Mingo*,
  No. 18-CV-2765 (JGLC), 2025 WL 688832 (S.D.N.Y. Mar. 4, 2025)................................. 5, 9

*Crenshaw v. Herbert*,
  409 F.App'x 428 (2d Cir. 2011) ...................................................................................... 11

*Croney v. Russell*,
  No. 9:23-CV-1188 (DNH) (PJE), 2026 WL 690540 (N.D.N.Y. Feb. 17, 2026)...................... 4

*D.R. by Rodriguez v. Santos Bakery, Inc.*,
  675 F. Supp. 3d 355 (S.D.N.Y. 2023)................................................................................ 2

*Fox v. Madison*,
  No. 15-CV-390 (AMN) (ML), 2026 WL 305069 (N.D.N.Y. Feb. 5, 2026)……………………...5

*Garcia v. Heath*,
  74 F.4th 44 (2d Cir. 2023) ............................................................................................... 2

*Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047 (S.D.N.Y. Sept. 26, 2018)
  ....................................................................................................................................... 7

*Gorbea v. Verizon New York, Inc.*,
  No. 11-CV-3758 (KAM) 2014 WL 2916964 (E.D.N.Y. June 25, 2014) ................................ 5

*Hamza v. Saks Fifth Ave., Inc.*,
  No. 07-CV-5974 (FPS), 2011 WL 6187078 (S.D.N.Y. Dec. 5, 2011)................................... 5

*HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.*,
  No. 23-CV-6351 (LJL), 2024 WL 5247216 (S.D.N.Y. Dec. 30, 2024) ................................. 2

*Highland Cap. Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008)................................................................................ 2

*Jean-Laurent v. Hennessy*,
840 F. Supp. 2d 529 (E.D.N.Y. 2011) ................................................................. 6

*Johnson v. Petrie*,
No. 21-CV-986 (VB), 2024 WL 1574925 (S.D.N.Y. Mar. 19, 2024)........................................ 3

*Lewis v. Velez*,
149 F.R.D. 474 (S.D.N.Y. 1993) ..................................................................... 10

*Luce v. United States*,
469 U.S. 38 (1984)....................................................................................... 2

*Messa v. Goord*,
652 F.3d 305 (2d Cir. 2011)............................................................................ 3

*Moore v. Booth*,
122 F.4th 61 (2d Cir. 2024) ........................................................................... 4

*Palmieri v. Defaria*,
88 F.3d 136 (2d Cir. 1996)............................................................................. 2

*Perttu v. Richards*,
605 U.S. 460 (2025)................................................................................... 2, 3

*Rahman v. Lee*,
No. 23-CV-5665 (LAP), 2024 WL 4043697 (S.D.N.Y. Sept. 4, 2024) ............................ 10, 11

*Reeder v. Bishop*,
No. 15-CV-1078 (MAD) (TWD), 2019 WL 3732050 (N.D.N.Y. Aug. 8, 2019) .................... 11

*Ridge v. Davis*,
639 F.Supp.3d 465 (S.D.N.Y. 2022)................................................................... 2

*Ring's End Inc. v. Black & Decker (U.S.), Inc.*,
No. 16-CV-375 (VLB), 2017 WL 3698491 (D. Conn. Aug. 25, 2017) .................................. 8

*Ross v. Blake*,
578 U.S. 632 (2016)..................................................................................... 3

*United States v. Estrada*,
430 F.3d 606 (2d Cir. 2005)............................................................................ 9

*Walton v. Dibble*,
No. 6:24-CV-6242 (EAW) (MJP), 2026 WL 709696 (W.D.N.Y. Mar. 13, 2026).................... 4

*Williams v. City of N.Y.*,
No. 19-CV-3347 (LJL), 2023 WL 2911023 (S.D.N.Y. Apr. 12, 2023) ................................... 10

*Woodford v. Ngo*,
548 U.S. 81 (2006) ........................................................................................................... 3

**Federal Statutes**
42 U.S.C. § 1997e ............................................................................................................... 1
42 U.S.C. § 1983 ................................................................................................................. 2

**State Statutes**
N.Y. Penal L. § 70.00 .......................................................................................................... 9
N.Y. Penal L. § 155.30 ........................................................................................................ 9
N.Y. Penal L. § 160.10 ........................................................................................................ 9
N.Y. Penal L. § 265.02 ........................................................................................................ 9

**Federal Rules of Evidence**
Fed. R. Evid. 104 ................................................................................................................. 2
Fed. R. Evid. 401 ................................................................................................................. 6
Fed. R. Evid. 402 ................................................................................................................. 6
Fed. R. Evid. 403 ............................................................................................................. 6, 9
Fed. R. Evid. 404 ................................................................................................................. 7
Fed. R. Evid. 602 ................................................................................................................. 6
Fed. R. Evid. 609 ................................................................................................................. 9

## **PRELIMINARY STATEMENT**

Defendants Michel Blot, Mohammad Bhuiyan, Richard Flanagan, Johnathan Franco, Angel Matos, Vicente Santiago, Jean Marc Oge, Jason Crofoot, Carlton Garrett, Christopher Ciaccio and Alexis Cherry ("Defendants"), current and former employees of the New York Department of Corrections and Community Supervision ("DOCCS"), respectfully submit this memorandum of law in support of their motions *in limine*. In this action, Plaintiff Ralph Rodriguez alleges that on the morning of December 30, 2021, Defendants used excessive force against him— or failed to intervene in the use of excessive force against him—in violation of his Eighth Amendment rights. (*See* Dkt. No. 2 at 22–27). Specifically, Plaintiff claims that members of the DOCCS Correctional Emergency Response Team ("CERT") entered his dorm at Fishkill Correctional Facility ("Fishkill"), assaulted him, and caused him injury, and that this occurred in the presence of his housing unit officer and members of DOCCS' Office of Special Investigations ("OSI"). (*See id.*)

Ahead of trial, Defendants respectfully seek an order (1) scheduling an evidentiary hearing for Defendants' affirmative defense related to administrative exhaustion under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e; (2) precluding Plaintiff from offering evidence or testimony about unpled or dismissed claims; (3) precluding Plaintiff from offering testimony about the underlying reasons for the December 2021 CERT search at Fishkill; (4) precluding Plaintiff from referring to unrelated instances of DOCCS misconduct, unrelated prior or pending civil lawsuits, or unsubstantiated allegations of misconduct; (5) precluding Plaintiff from speculating about spoliation of evidence; (6) permitting Defendants to impeach Plaintiff on the essential facts of his prior criminal convictions under Federal Rule of Evidence 609; and (7) precluding Plaintiff from asking the jury for a specific dollar amount in damages.

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). A motion *in limine* streamlines "the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *D.R. by Rodriguez v. Santos Bakery, Inc.*, 675 F. Supp. 3d 355, 358 (S.D.N.Y. 2023) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Because a ruling on a motion *in limine* is subject to change as the case unfolds, this ruling constitutes a preliminary determination in preparation for trial." *Ridge v. Davis*, 639 F.Supp.3d 465, 470 (S.D.N.Y. 2022) (quotation marks and citation omitted); *see* Fed. R. Evid. 104(a). However, a court should exclude evidence "when the evidence is clearly inadmissible on all potential grounds." *HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.*, No. 23-CV-6351 (LJL), 2024 WL 5247216, at *1 (S.D.N.Y. Dec. 30, 2024) (citation omitted).

## ARGUMENT

### POINT I

### THE COURT SHOULD HOLD AN EVIDENTIARY HEARING ON DEFENDANTS' AFFIRMATIVE DEFENSE RELATED TO ADMINISTRATIVE EXHAUSTION UNDER THE PRISON LITIGATION REFORM ACT

The PLRA requires incarcerated individuals to exhaust their administrative remedies prior to bringing a claim under 42 U.S.C. § 1983. *Garcia v. Heath*, 74 F.4th 44, 46 (2d Cir. 2023); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Perttu v. Richards*, 605 U.S. 460, 469 (2025) ("PLRA exhaustion is a standard affirmative defense."). As

2

the statutory language suggests, exhaustion under the PLRA is mandatory and does not allow for judicial discretion. *Ross v. Blake*, 578 U.S. 632, 639 (2016). In addition, the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). In *Ross v. Blake*, however, the Supreme Court identified three circumstances in which administrative remedies may be deemed unavailable such that a plaintiff's failure to exhaust can be excused: (1) where such remedies operate "as a simple dead end," (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. at 643–44.

In deciding Defendants' motion for summary judgment, the Court found that factual disputes related to the third *Ross* exception precluded a ruling in favor of Defendants on their affirmative defense related to administrative exhaustion. (Dkt. No. 114 at 13–14). The Court further noted that because neither party had briefed the impact of the Supreme Court's recent holding in *Perttu v. Richards*, 605 U.S. 460 (2025), the question of whether this "affirmative defense is an issue to be determined by a jury, or by the Court through an evidentiary hearing," would be addressed during pre-trial proceedings. (*Id.* at 14 n.10).

In light of the above, Defendants respectfully request that the Court hold a pre-trial evidentiary hearing on the issue of exhaustion, rather than submit Defendants' affirmative defense to the jury. *See Messa v. Goord*, 652 F.3d 305, 308–10 (2d Cir. 2011); *Johnson v. Petrie*, No. 21-CV-986 (VB), 2024 WL 1574925, at *2 (S.D.N.Y. Mar. 19, 2024). First, nothing in the Supreme Court's ruling in *Perttu v. Richards* entitles Plaintiff to a jury trial on the issue of exhaustion under the PLRA. In that case, the Supreme Court held that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh

3

Amendment." 605 U.S. at 468. Here, the merits of Plaintiff's Eighth Amendment excessive force and failure to intervene claims are in no way "intertwined" with the issue of whether he properly exhausted his administrative remedies at Fishkill. Therefore, even in the wake of *Perttu*, Defendants' affirmative defense should be determined by the Court through a pre-trial evidentiary hearing. *See, e.g.*, *Walton v. Dibble*, No. 6:24-CV-6242 (EAW) (MJP), 2026 WL 709696, at *2 (W.D.N.Y. Mar. 13, 2026) (post-*Perttu* order directing that an evidentiary hearing be held on the issue of exhaustion); *Croney v. Russell*, No. 9:23-CV-1188 (DNH) (PJE), 2026 WL 690540, at *11 (N.D.N.Y. Feb. 17, 2026) (same), *report and recommendation adopted*, 2026 WL 690111 (N.D.N.Y. Mar. 11, 2026).

Second, Defendants respectfully submit that holding an evidentiary hearing will preserve judicial resources. A "lack of exhaustion acts as a threshold bar to the plaintiff's claims." *Moore v. Booth*, 122 F.4th 61, 68 (2d Cir. 2024). Therefore, before limited resources are expended empaneling a jury and presenting the merits of Plaintiff's Eighth Amendment claims, the Court should first determine whether Plaintiff can meet this threshold burden of showing that his administrative remedies were in fact unavailable at Fishkill. Doing so will not require a jury, will require fewer witnesses than at trial, and will almost certainly take less time to complete.

For these reasons, Defendants respectfully request that this Court hold an evidentiary hearing for Defendants' eighth affirmative defense. (Dkt. No. 80 at 18).

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE ABOUT UNPLED OR PREVIOUSLY DISMISSED CLAIMS

Plaintiff should be precluded from offering evidence related to any claim which he did not plead, or which has already been dismissed from the case. Such evidence or testimony is not relevant to his sole remaining claims that Defendants either personally used excessive force against

him or failed to intervene in violation of his Eighth Amendment rights. As courts consistently find, evidence relating to unpled or previously dismissed claims "are not of consequence in determining the action," and can therefore properly be excluded. *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM) 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014) (quotation marks and citation omitted); *see also Fox v. Madison*, No. 15-CV-390 (AMN) (ML), 2026 WL 305069, at *2 (N.D.N.Y. Feb. 5, 2026) (precluding "evidence relating solely to dismissed parties or claims, or [intended to] re-litigate issues that the Court has already decided"); *Colson v. Mingo*, No. 18-CV-2765 (JGLC), 2025 WL 688832, at *3 (S.D.N.Y. Mar. 4, 2025) ("Evidence pertinent solely to dismissed or unpled claims is irrelevant and inadmissible."); *Hamza v. Saks Fifth Ave., Inc.*, No. 07-CV-5974 (FPS), 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011).

As this Court is aware, Plaintiff initially alleged eight causes of action against more than two dozen Defendants, including for violations of the First, Fourth, and Fourteenth Amendments. (*See* Dkt. No. 2 at 43–73; Dkt. No. 114 at 1–2). Following the Court's rulings on Defendants' motion to dismiss and motion for summary judgment, only Plaintiff's third claim for relief related to excessive force and failure to intervene under the Eighth Amendment remain. (Dkt. No. 114 at 1–2, 20). Thus, Plaintiff should be precluded from testifying or offering evidence for the purpose of arguing, for example, that his property was destroyed, that his ability to freely exercise his religion was burdened, that he was improperly strip searched, that he was singled out because of his race or ethnicity, or that he received inadequate medical care. Likewise, Plaintiff should be precluded from testifying or offering evidence related to his claims in *Rodriguez v. Burnett, et al.*, 22-CV-2198 (PMH) (S.D.N.Y.), a now-closed federal lawsuit that included some overlapping allegations and Defendants.

In addition to being irrelevant to Plaintiff's remaining claims in this lawsuit, permitting

5

Plaintiff to submit such evidence would risk confusing the jury and unfairly prejudicing Defendants. *See* Fed. R. Evid. 403; *cf. Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 548–49 (E.D.N.Y. 2011) (precluding plaintiff from referring to his allegedly "unlawful arrest" when his false arrest claim was not at issue).

### POINT III

### <u>PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY ABOUT THE REASON FOR THE DECEMBER 2021 CERT SEARCH AT FISHKILL</u>

Plaintiff alleges in his Complaint and testified at his deposition that the December 2021 CERT search at Fishkill took place because an individual from his dorm tried to walk out of the facility a few days earlier. (*See, e.g.*, Dkt. No. 2 ¶¶ 4–7, 21; Pl.'s Dep., attached to Declaration of Gabriel Cahn ("Cahn Decl.") as **Ex. A**, 62:23–63:15, 73:24–74:6). However, Plaintiff has not identified any evidence or information corroborating this allegation. Thus, any testimony about the reasons why CERT searched Plaintiff's facility would be purely speculative. *See* Fed. R. Evid. 602. Moreover, Plaintiff's hypotheses about the reasons underlying CERT's presence at Fishkill in December 2021 are not relevant to Plaintiff's claims to be tried, *see* Fed. R. Evid. 401, and risk unfairly prejudicing Defendants, confusing the issues, and misleading the jury. Fed. R. Evid. 403. Accordingly, to the extent Plaintiff plans to elicit testimony at trial as to *why* CERT was present at Fishkill, Defendants respectfully move to preclude such testimony.

### POINT IV

### <u>PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO UNRELATED INSTANCES OF DOCCS MISCONDUCT, UNRELATED PRIOR OR PENDING CIVIL LAWSUITS, OR UNSUBSTANTIATED ALLEGATIONS OF MISCONDUCT</u>

Defendants respectfully request, pursuant to Federal Rules of Evidence 402 and 403, that the Court preclude any evidence or testimony concerning unrelated instances of DOCCS misconduct, previous or pending lawsuits, or unsubstantiated allegations of misconduct. For

example, Plaintiff alleges in his Complaint and testified during his deposition that Defendant Blot is "well known for excessive force and abusive behavior towards inmates," and has been "under investigation a number of times[.]" (Pl.'s Dep., **Ex. A**, 96:6–97:3; *see also* Dkt. No. 2, ¶ 19). Notwithstanding the fact that there are no records supporting Plaintiff's assertions, such testimony is minimally relevant and substantially more prejudicial than probative of whether excessive force was used against Plaintiff on December 30, 2021. *See, e.g.*, *Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047, at *6 (S.D.N.Y. Sept. 26, 2018) ("[A]ny discourse on general societal problems, or on misconduct by other . . . officers unrelated to the Defendant or events at issue in the instant case, are completely irrelevant to the task before the jury."). The only purpose for offering such speculative evidence would be to impermissibly inflame the jury or to suggest a propensity for the allegations of excessive force Plaintiff is asserting in this case. *See* Fed. R. Evid. 404.

Furthermore, courts within the Second Circuit have found that the probative value of introducing this type of evidence is substantially outweighed by the prejudicial effect it could have and its potential to confuse the jury. *See e.g.*, *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (explaining that district courts "are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties" (citation omitted)); *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991) (upholding district court's decision to exclude the introduction of the prior complaints that would "inflame the situation"). Simply put, unrelated allegations against DOCCS and its current or former employees, as well as unsubstantiated accusations against Defendants, are not admissible evidence of misconduct in *this* case.

As a result, the Court should preclude any questioning or introduction of evidence

7

pertaining to such topics.

## POINT V

## PLAINTIFF SHOULD BE PRECLUDED FROM SPECULATING ABOUT SPOLIATION OF EVIDENCE

Plaintiff testified during his deposition that OSI personnel were recording video of Plaintiff and other incarcerated individuals as they were escorted by CERT out of their dorm on the morning of December 30, 2021. (Pl.'s Dep., **Ex. A**, 114:7–22). Plaintiff also claims that DOCCS personnel completed an Unusual Incident report, an injury report, and took photos of his injuries that day, and that Defendants have relevant disciplinary histories, but that these records are "missing." (*Id.* at 98:4–13, 137:13–139:13, 140:7–11; *see also* Dkt. No. 95). However, following a good faith search during the discovery period, no such materials were identified or produced, and Plaintiff provides no basis to infer that they ever existed. (*See* Dkt. No. 100 (denying Plaintiff's request for affidavits confirming that documents do not exist)). Therefore, because Plaintiff has not identified any evidence that such video, photographs, reports, or disciplinary records were ever in Defendants' possession, or even existed, he should be prohibited from offering testimony accusing Defendants of spoliation in this case. *See, e.g.*, *Ring's End Inc. v. Black & Decker (U.S.), Inc.*, No. 16-CV-375 (VLB), 2017 WL 3698491, at *3 (D. Conn. Aug. 25, 2017) (granting defendant's "motion to exclude testimony regarding the alleged existence or spoliation of video" pursuant to Rule 403 where Plaintiff was not formally asserting such a claim and "the suggestion that any video evidence existed could indeed confuse the jury, and could cause the jury to speculate as to why they are not shown video of the incident and to unfairly attribute improper motives to the Defendant").

8

**POINT VI**

**DEFENDANTS SHOULD BE PERMITTED TO IMPEACH PLAINTIFF ABOUT THE ESSENTIAL FACTS OF HIS PRIOR CRIMINAL CONVICTIONS**

Once Plaintiff elects to testify, "certain portions of [his] criminal records can be used for impeachment purposes on cross-examination pursuant to Rule 609 of the Federal Rules of Evidence." *Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 225 (W.D.N.Y. 1999). As a result, Defendants request that they be allowed to impeach Plaintiff on the "essential facts" of his prior criminal convictions. *See United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) ("[T]he 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes."). Specifically, Defendants seek an order permitting them to cross-examine Plaintiff about the essential facts of his convictions and sentence for (1) Robbery in the Second Degree pursuant to Section 160.10 of the New York Penal Law, a class C violent felony, (2) Criminal Possession of a Weapon in the Third Degree pursuant to Section 265.02 of the New York Penal Law, a class D violent felony, and (3) Grand Larceny in the Fourth Degree, pursuant to Section 155.30 of the New York Penal Law, a class E felony. (*See* Plaintiff's Incarcerated Lookup Page, attached to Cahn Decl. as **Ex. B**). Each of these crimes are punishable by more than one year. N.Y. Penal L. § 70.00(2)(c)–(e).

Federal Rule of Evidence 609, entitled "Impeachment by Evidence of a Conviction of Criminal Conviction," states that subject to Federal Rule of Evidence 403, evidence of a witness's criminal conviction must be admitted in a civil trial to attack that witness's character for truthfulness if it is for a crime that was punishable by death or more than one year in prison. Fed. R. Evid. 609(a)(1)(A); *see Estrada*, 430 F.3d at 617 ("Rule 609(a)(1) presumes that all felonies

9

are at least somewhat probative of a witness's propensity to testify truthfully.").[1] In balancing

probative value against prejudicial effect under Federal Rules of Evidence 609 and 403, courts

examine "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction,

(3) the similarity between the past crime and the conduct at issue, and (4) the importance of the

credibility of the witness." *Williams v. City of N.Y.*, No. 19-CV-3347 (LJL), 2023 WL 2911023,

at *2 (S.D.N.Y. Apr. 12, 2023).

With respect to Plaintiff's convictions, these factors weigh in favor of admissibility, and

their probative value is not substantially outweighed by the risk of unfair prejudice to Plaintiff.

Even assuming the remoteness of Plaintiff's crimes tilts in Plaintiff's favor, these past crimes bear

little resemblance to the allegations of misconduct in this case, and the importance of Plaintiff's

credibility is paramount. This matter hinges on the credibility of the parties: Plaintiff's version of

events versus Defendants' version of events. Plaintiff may be the only witness to testify in support

of his case in chief, and Defendants should be allowed to cross-examine evidence that bears on

Plaintiff's credibility when determining the veracity of his claims. Any prejudice of such

questioning would be limited, as the jury will already know of Plaintiff's prior incarceration based

upon the relevant incident occurring in a prison. *See e.g., Lewis v. Velez*, 149 F.R.D. 474, 482

(S.D.N.Y. 1993) (reasoning that it is "not improper to admit convictions for past felonies where

conduct in those crimes was not similar to conduct at issue, . . . where credibility is important to

the jury's decision," and "where the jury knows that a witness is a convicted felon" (citations

omitted)).

Specifically, as to Plaintiff's Robbery in the Second Degree conviction, courts within this

---

[1] Rule 609(b) does not apply in this case because the trial will be within 10 years of the date of Plaintiff's release from the confinement imposed for his convictions. Fed. R. Evid. 609(b); *see Colson*, 2025 WL 688832, at *1; (Plaintiff's Incarcerated Lookup Page, attached to Cahn Decl. as **Ex. B**).

district have noted that such convictions are probative of a witnesses' credibility because they are for "crimes involving stealth." *Rahman v. Lee*, No. 23-CV-5665 (LAP), 2024 WL 4043697, at * 9 (S.D.N.Y. Sept. 4, 2024) ("With respect to the probative value of the conviction[], the Court acknowledges that 'crimes involving stealth,' such as robbery, 'bear on a witness's propensity to testify truthfully.'" (quoting *Estrada*, 430 F.3d at 621)); *see also id.* (citing *Crenshaw v. Herbert*, 409 F.App'x 428, 432 (2d Cir. 2011) for the proposition that "evidence of the prior robbery committed by a state inmate pursuing a 1983 action was probative of his veracity" (quotation marks omitted)).

Accordingly, the probative value of Plaintiff's robbery, weapons possession, and grand larceny convictions are not substantially outweighed by their prejudicial effect, and Defendants should be able to introduce evidence of the name, date, and sentence imposed for these convictions. *See, e.g.*, *Reeder v. Bishop*, No. 15-CV-1078 (MAD) (TWD), 2019 WL 3732050, at *4 (N.D.N.Y. Aug. 8, 2019) (permitting defendants to "introduce evidence about the 'essential facts'—*i.e.*, the name, date, and the sentence imposed—for each of the [relevant c]onvictions"); *Rahman*, 2024 WL 4043697, at * 10 (allowing the "essential facts" of plaintiff's second-degree burglary conviction to be admitted because "it is a crime of stealth and theft" and therefore probative of plaintiff's veracity).

**POINT VII**

**PLAINTIFF SHOULD BE PRECLUDED FROM ASKING THE JURY FOR A SPECIFIC DOLLAR AMOUNT IN DAMAGES**

"Although the trial judge may exercise his or her discretion whether to permit a party to request a specific dollar amount for damages, permitting such a request is disfavored in the Second Circuit because it risks unfairly swaying the jury by anchoring the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence." *Rahman*, 2024 WL 4043697, at *6

11

(cleaned up); *see also Marshall v. Port Auth. of New York & New Jersey*, No. 19-CV-2168 (LJL), 2022 WL 17491006, at \*5 (S.D.N.Y. Dec. 5, 2022). Therefore, Defendants ask that Plaintiff be precluded from requesting a specific dollar amount from the jury, or suggesting a specific dollar amount regarding non-economic damages that he allegedly suffered as a result of Defendants' purported conduct. *See Rahman*, 2024 WL 4043697, at \*7; *Marshall*, 2022 WL 17491006, at \*6.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motions *in limine*.

Dated: New York, New York
       April 30, 2026

<div style="margin-left:50%">

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:
 /s/ *Gabriel Cahn*
Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8570
Gabriel.Cahn@ag.ny.gov

</div>

12

**CERTIFICATION UNDER LOCAL CIVIL RULE 7.1**

According to Microsoft Word, and in compliance with Local Civil Rule 7.1(c), I certify

that this Memorandum of Law contains 3,502 words.

Dated: New York, New York
      April 30, 2026

                                    LETITIA JAMES
                                    Attorney General
                                    State of New York
                                    *Attorney for Defendants*

                                    By:
                                    /s/ *Gabriel Cahn*
                                    Gabriel Cahn
                                    Assistant Attorney General
                                    28 Liberty Street, 18th Floor
                                    New York, NY 10005
                                    (212) 416-8570
                                    Gabriel.Cahn@ag.ny.gov