UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RALPH RODRIGUEZ,

Plaintiff,

-against-

MICHEL BLOT, MOHAMMAD BHUIYAN, RICHARD FLANAGAN, JOHNATHAN FRANCO, ANGEL MATOS, VICENTE SANTIAGO, JEAN MARC OGE, JASON CROFOOT, CARLTON GARRETT, CHRISTOPHER CIACCIO, and ALEXIS CHERRY,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

22-CV-10056 (PMH)

**[PROPOSED] PRETRIAL ORDER**

**I. The full caption of the action.** *See above.*

**II. The amount of trial time that each party anticipates needing for its case-in-chief.**

**A. Plaintiff.** Plaintiff anticipates needing two to four trial days for his case-in-chief.

**B. Defendants.** Defendants anticipate needing one and a half trial days to present their case-in-chief.

**III. The names, addresses (including firm names), and telephone, fax numbers, and email addresses of trial counsel.**

**A. Plaintiff's counsel:**

John G. McCarthy
Morgan V. Manley
Carly M. Allen
Smith, Gambrell & Russell, LLP
1301 Avenue of the Americas, 15th Floor
New York, NY 10019
Tel: (212) 907-9700
Fax: (212) 907-9803
jmccarthy@sgrlaw.com
mmanley@sgrlaw.com
callen@sgrlaw.com

**B. Defendants' counsel:**

Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
Tel: (212) 416-8244
Cel: (202) 412-1678
Fax: (212) 416-6009
Gabriel.Cahn@ag.ny.gov

**IV. Subject-Matter Jurisdiction.**

For Plaintiff: Plaintiff filed this action pursuant to 42 U.S.C. § 1983. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(3).

For Defendants: Defendants do not dispute subject matter jurisdiction.

**V. Claims and Defenses to Be Tried**

**Plaintiff's Claims:**

a. Plaintiff's claims asserted to be tried: excessive force and failure to intervene in violation of the Eighth Amendment to the United States Constitution.

b. Defendants' affirmative defenses: (i) Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); (ii) in the alternative, Defendants may be entitled to qualified immunity on Plaintiff's claim[1]; and (iii) Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights, and Plaintiff is therefore not entitled to punitive damages or other relief.

[1] Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. If applicable, Defendants will prepare proposed special interrogatories for the jury, based on the evidence presented at trial, prior to the charge conference. *See Cowan v. Breen*, 352 F.3d 756, 764–65 n.8 (2d Cir. 2003).

**<u>Defendants' Position on Why the Court Should Adjudicate Their Affirmative Defense Related to PLRA Exhaustion</u>**:

In the interest of efficiency, Defendants respectfully request that the Court hold a pre-trial evidentiary hearing on the issue of exhaustion, rather than submit Defendants' affirmative defense to the jury. *See Messa v. Goord*, 652 F.3d 305, 308–10 (2d Cir. 2011); *Johnson v. Petrie*, No. 21-CV-986 (VB), 2024 WL 1574925, at *2 (S.D.N.Y. Mar. 19, 2024). As an initial matter, nothing in the United States Supreme Court's ruling in *Perttu v. Richards* entitles Plaintiff to a jury trial on the issue of exhaustion under the Prison Litigation Reform Act. 605 U.S. 460, 468 (2025). In that case, the Supreme Court held that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Id.* Here, the merits of Plaintiff's Eighth Amendment excessive force and failure to intervene claims are in no way "intertwined" with the issue of whether he properly exhausted his administrative remedies under the PLRA at Fishkill.

Furthermore, as the Second Circuit has long recognized, PLRA exhaustion is unlike other non-jurisdictional affirmative defenses because it is "a condition that must be satisfied *before* the courts can act on an inmate-plaintiff's action." *Messa*, 652 F.3d at 309. As the text of the statute unambiguously states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "A statute of limitations, on the other hand, represents a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Messa*, 652 F.3d at 310. Thus, whereas "one doctrine opens the courthouse door," the other "closes it." *Id.* This Court should not empanel a jury or "open the courthouse door" to the merits of Plaintiff's Eighth Amendment claims until an evidentiary hearing on exhaustion is conducted. Doing so is not required by the Supreme

Court's decision in *Perttu*, would contravene the Second Circuit's reasoning in *Messa*, and would risk unnecessarily expending additional judicial and State resources.[2]

For these reasons, the Court should hold an evidentiary hearing on this affirmative defense. *See, e.g.*, *Walton v. Dibble*, No. 6:24-CV-6242 (EAW) (MJP), 2026 WL 709696, at *2 (W.D.N.Y. Mar. 13, 2026) (post-*Perttu* order directing that an evidentiary hearing be held on the issue of exhaustion); *Croney v. Russell*, No. 9:23-CV-1188 (DNH) (PJE), 2026 WL 690540, at *11 (N.D.N.Y. Feb. 17, 2026) (same), *report and recommendation adopted*, 2026 WL 690111 (N.D.N.Y. Mar. 11, 2026).

**<u>Plaintiff's Position On Defendants' Request to Bifurcate</u>**:

Defendants' exhaustion defense should be decided with the merits at trial. The Supreme Court's Decision in *Perttu v. Richards* entitles a plaintiff to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment, and courts must structure proceedings to preserve the jury's resolution of common factual issues. *Perttu v. Richards*, 605 U.S. 460, 469, 471–72, 479 (2025). The unresolved factual dispute identified by this Court is whether Plaintiff attempted to file grievances attached to his Complaint by placing them in Fishkill's secure mess-hall grievance box and whether those grievances went unfiled. *Rodriguez v. Burnett*, No. 22-CV-10056 (PMH), 2026 WL 673053, at *6–7 & n.10 (S.D.N.Y. Mar. 10, 2026). A grievance form dated December 31, 2021 recounts in detail the same alleged C.E.R.T. assault and injuries that will be tried. Compl. at 137. The current proposed witness lists also identify Rodriguez, Akeem Cordes, and William Stepnowski as potential witnesses concerning both the December 30 events and the grievance process. That potential overlap has support in the record. For example, as set forth in his written

[2] Apart from Plaintiff's testimony, there is minimal evidentiary overlap between the evidence relevant to Plaintiff's Eighth Amendment claims and the evidence relevant to Defendants' affirmative defense. For example, none of the 11 named Defendants would testify as part of an evidentiary hearing on exhaustion.

statement attached to the complaint, Mr. Cordes will supply both an eyewitness account of the assault and testimony concerning unanswered grievances and problems with Fishkill's grievance process. Compl at 133, 174. Although submission of the grievances and the underlying use of force are not identical factual questions, the record therefore presents material documentary and witness overlap. Some courts have held that common credibility determinations concerning the same witnesses can establish intertwinement even when the testimony addresses different facts. *Murphy v. Bailey,* 794 F. Supp. 3d 556, 573–75 (C.D. Ill. 2025); *Thomas v. Truitt*, No. 1:24-CV-174, 2026 WL 280403, at *6 (N.D. Ill. Feb. 3, 2026). Under that reasoning, the jury should decide exhaustion together with the merits. *Messa v. Goord*, 652 F.3d 305, 309–10 (2d Cir. 2011), on which Defendants rely, remains controlling only where the exhaustion facts are not intertwined with the merits. As set forth above, the facts here are intertwined and therefore *Perttu* governs.

If the Court concludes that the overlap here is insufficient to require a submission of the issue of exhaustion to a jury, a separate pretrial hearing is still unnecessary and would be inefficient. The requirement that available remedies be exhausted before suit does not, by itself, require a separate pretrial evidentiary hearing. *Perttu* treats exhaustion as a standard affirmative defense and explains that the PLRA is silent on whether judges or juries resolve exhaustion disputes. 605 U.S. at 469–70. The Third Circuit has recognized that, even absent intertwinement, courts may apply ordinary Rule 56 procedures and resolve remaining factual disputes at trial. *Timmons v. Bohinski*, No. 25-1516, 2026 WL 2331684, at *3 (3d Cir. Aug. 12, 2026). The Court could receive the evidence during the same trial, submit the issue to the jury in an advisory capacity under Rule 39(c)(1), and then make the independent findings of fact and conclusions of law required by Rule 52(a)(1). *See Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 907 (2d Cir. 1993); *Skillz Platform Inc. v. Papaya Gaming, Ltd.*, No. 24-CV-1646 (DLC), 2026 WL 812016, at *2 (S.D.N.Y. Mar. 23, 2026); *see also Khan v. Bd. of Dirs.*

*of Pentegra Defined Contribution Plan*, No. 20-CV-07561 (PMH), 2023 WL 6237862, at *3–4 (S.D.N.Y. Sept. 26, 2023) (directing the parties to address the efficiency of using the empaneled jury in an advisory capacity after ordering the jury issues tried before the equitable issues). That procedure could avoid preparing for and presenting testimony from some of the same witnesses in two proceedings. *See Murphy*, 794 F. Supp. 3d at 574–75 & n.8. It would also reduce the resulting burden on pro bono counsel while preserving the Court's ultimate authority over the exhaustion defense. See *Ragin*, 6 F.3d at 907; Fed. R. Civ. P. 52(a)(1).

**Defendants' previously asserted defenses that are not to be tried:**

Defendants previously asserted the following defenses which are not to be tried: (i) the Complaint fails to state a claim for which relief can be granted; (ii) the Court lacks subject matter jurisdiction over Plaintiff's claims; (iii) any injuries or damages were caused, in whole or in part, by Plaintiff's own culpable conduct; (iv) any injuries or damage were caused, in whole or in part, by that of third parties for whose conduct Defendants are not responsible; (v) Plaintiff's claims may be barred by failing to mitigate damages; (vi) Plaintiff's claims may be barred by res judicata or collateral estoppel; (vii) Plaintiff's claims may have been released by other litigation or by agreement; and (viii) Plaintiff's claims may be barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## VI. Statement as to whether the case is to be tried with or without a jury, and the number of trial days needed.

The case is to be tried with a jury. The parties expect that the trial will take no more than three to five trial days.

## VII. Statement as to whether all parties have consented to trial of the case by a magistrate judge.

One or more parties have not consented to trial by magistrate judge.

## VIII. Any stipulations or agreed statements of fact or law.

**A.** In December 2021, Plaintiff Ralph Rodriguez (DIN 17A0928) was housed by the New York State Department of Corrections and Community Supervision ("DOCCS") in Housing Unit 9-1 at Fishkill Correctional Facility ("Fishkill").

## IX. Witnesses each party expects to call in its case-in-chief.

### A. Plaintiff

Plaintiff provides the following list of witnesses that he may call in its case-in-chief.

| Witness | Subject Matter of Testimony | Time Estimate |
|---|---|---|
| Plaintiff, Ralph Rodriguez | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility, Defendants' purported use of excessive force and/or failure to intervene in such use of force, the injuries Plaintiff allegedly sustained as a result, and Plaintiff's efforts to exhaust his administrative remedies. | 4-5 hours |
| Akeem Cordes | The events of December 30, 2021 and the grievance process at Fishkill Correctional Facility. | 2-3 hours |
| William Stepnowski | The events of December 30, 2021 and the grievance process at Fishkill Correctional Facility. | 2-3 hours |
| SGG-Hispanic[3] | The events of December 30, 2021 | 2-3 hours |
| Sterling Stevens | The grievance process at Fishkill Correctional Facility. | 1-2 hours |
| Marcus Gamble | The grievance process at Fishkill Correctional Facility. | 1-2 hours |
| Defendant, Alexis Cherry | The events of December 30, 2021 and authentication of email correspondence | 30 minutes – 1 hour |
| Defendant, Mohammad Bhuiyan | The events of December 30, 2021 and authentication of logbook | 30 minutes -1 hour |
| Individuals[4] Housed in the 9-1 Housing Unit on 12/30/2021 | The events of December 30, 2021 | 30 minutes -1 hour |

[3] This witness's name was produced pursuant to a confidentiality order and thus is being provided in the manner in which Defendants first identified this individual in redacted form.

[4] Plaintiff requested that Defendants provide the identities of the individuals housed in 9-1 Housing Unit at Fishkill on the date at issue. Defendants declined, stating as follows: "[W]ith respect to your request for the identities (name and DIN) of the individuals in the 9-1 Housing Unit on December 30, 2021, Defendants' position is that this is effectively a request to reopen discovery. To the extent Plaintiff seeks to move to reopen discovery and request this information from DOCCS, Defendants would likely oppose such motion." Plaintiff has undertaken a search to find those individuals but, given that many persons in custody utilize aliases, it has been difficult to locate those individuals notwithstanding efforts by Plaintiff's counsel. Defendants' counsel has noted that Defendants do not have possession, custody and control of such information. It is Plaintiff's position that, Defendants who are represented by the Attorney General, have direct access to that information from DOCCS, which is information exclusively in DOCCS's possession, custody or control. Defendants dispute that characterization and claim that Plaintiff equally could have made the same request from DOCCS. Plaintiff thus reserves the right to supplement its witness list with such individuals.

| Witness | Subject Matter of Testimony | Time Estimate |
|---|---|---|
| | Plaintiff reserves the right to call the remaining Defendants in its case in chief | |

**B. Defendants**

Defendants provide the following list of witnesses that they may call in their case-in-chief.

| Witness | Subject Matter of Testimony | Time Estimate |
|---|---|---|
| Plaintiff, Ralph Rodriguez | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility, Defendants' purported use of excessive force and/or failure to intervene in such use of force, the injuries Plaintiff allegedly sustained as a result, and Plaintiff's efforts to exhaust his administrative remedies. | 1 hour for each party |
| Defendant, Michel Blot | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 30 minutes |
| Defendant, Mohammad Bhuiyan | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 30 minutes |
| Defendant, Richard Flanagan | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Johnathan Franco | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Angel Matos | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Vicente Santiago | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Jean Marc Oge | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Jason Crofoot | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Carlton Garrett | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility. | 20 minutes |
| Defendant, Alexis Cherry | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility, and OSI's involvement in said search. | 30 minutes |

| Witness | Subject Matter of Testimony | Time Estimate |
|---|---|---|
| Defendant, Christopher Ciaccio | December 30, 2021 CERT search of Plaintiff's housing unit at Fishkill Correctional Facility, and OSI's involvement in said search. | 20 minutes |
| Nurse Mahnaz Sullivan-Davachi | Plaintiff's physical condition on December 30, 2021 and Nurse Sullivan's treatment of Plaintiff. | 20 minutes |
| Rachael Seguin,[5] Director of Inmate Grievance Program | The inmate grievance process for individuals in DOCCS custody, as well as Plaintiff's history utilizing that process. | 30 minutes |
| Sally Reams, Former Grievance Supervisor at Fishkill CF | The grievance process at Fishkill Correctional Facility and Plaintiff's grievance history at Fishkill. | 30 minutes |
| Shawn Leggett, Grievance Supervisor at Fishkill CF | The grievance process at Fishkill Correctional Facility and Plaintiff's grievance history at Fishkill. | 20 minutes |

**X. For testimony to be taken from unavailable witnesses pursuant to Fed. R. Civ. P. 32(a)(4), a page and line designation by each party of witness deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

For Plaintiff: Not applicable.

For Defendants: Not applicable.

**XI. Exhibits to be offered in each party's case-in-chief.**

**A. Plaintiff**

| Exhibit | Bates Numbers | Description | Objection/Grounds |
|---|---|---|---|
| 1 | Rodriguez v. Burnett 196 | 5/17/2022 MRI Results | |
| 2 | Rodriguez v. Burnett 200 | 01/07/2022 Request and Report of Consultation - X-Ray | |
| 3 | Rodriguez v. Burnett 208 | 01/07/2022 Request and Report of Consultation - X-Ray | |

[5] Rachael Seguin, Sally Reams, and Shawn Leggett are listed only in the event that the Court declines to hold an evidentiary hearing on the issue of exhaustion under the PLRA and instead submits this affirmative defense to the jury.

| **Exhibit** | **Bates Numbers** | **Description** | **Objection/Grounds** |
|---|---|---|---|
| 4 | Rodriguez v. Burnett 304-315 | Request and Report of Consultation - Physical Therapy | |
| 5 | Rodriguez v. Burnett 342 | 05/06/2022 Request and Report of Consultation - MRI | |
| 6 | Rodriguez v. Burnett 727-732 | Ambulatory Health Record Progress Notes | |
| 7 | Rodriguez v. Burnett 1082-1084 | 12/30/21 through 12/31/21 H.U. 9-1 logbooks | |
| 8 | | 5/8/2019 NYS Corrections and Community Supervision: Use of Physical Force Directive No. 4944 | |
| 9 | Rodriguez v. Burnett 1019-1020 | 12/30/21 Email from A. Rodriguez to A. Cherry re: Frisk of Housing Units | |
| 10 | Rodriguez v. Burnett 1085-1093 | 01/04/2022 Rodriguez Ltr to Hochul | FRE 401; FRE 403; FRE 801 |
| 11 | Ex. A to Complaint, Dkt. No. 2 at 74-85. | 1/4/22 Ltr from R. Rodriguez to J. Biden re: Mass Assault on the inmate population at Fishkill Correctional Facility by CERT | FRE 401; FRE 403; FRE 801 |
| 12 | Portion of Ex. K to Complaint at 134-146 | Copies of Grievances and Grievance Forms | FRE 401; FRE 403; FRE 801 |
| 13 | Rodriguez v Burnett 1012-1018 | Fishkill Facility Frisk List (12/27/21-12/31/21) | |
| 14 | Rodriguez v Burnett 0091-0093 | Office of Special Investigations Category 2 Investigative Report | FRE 401; FRE 403; FRE 801 |

| Exhibit | Bates Numbers | Description | Objection/Grounds |
|---|---|---|---|
| 15 | Portion of Exhibit B to Complaint at 90-91 | Inmate Claim Form | FRE 401; FRE 403; FRE 801 |
| 16 | Exhibit N to Complaint, Dkt. No. 2-1 at 8-11. | Notice of Intention to File a Claim and Affidavit of Service | FRE 401; FRE 403; FRE 801 |
| 17 | Exhibit L to Complaint, Dkt. 2-1 at 2-3 | 3/7/2022 letter from Ralph Rodriguez to Superintendent | FRE 401 |
| 18 | Exhibit L to Complaint, Dkt. 2-1 at 1 | 4/20/2022 letter from Ralph Rodriguez to Superintendent | FRE 401 |

**B. Defendants**

| Exhibit | Bates Numbers | Description | Objection/Grounds |
|---|---|---|---|
| A | Rodriguez v. Burnett_1097–1114 | DOCCS Directive 4040 | |
| B | Rodriguez v. Burnett_0003–0004 | Plaintiff's CORC History | |
| C | Rodriguez v. Burnett_0005 | Plaintiff's Fishkill Grievance Log | |
| D | Rodriguez v. Burnett_0006–0029 | Grievance Numbers FCF-270-21, FCF-273-21, FCF-377-22, and FCF-378-22 | |
| E | Portion of Exhibit L of the Complaint, Dkt. No. 2-1 at 4 | March 10, 2022 Response from IGP Reams to Plaintiff's Late Grievance Request | FRE 801 |
| F | Rodriguez v. Burnett_196, 200–201, 203–204, 452, 726–732, 766, 820 | Plaintiff's Relevant Medical Records | Page 201: Relevance<br>Page 203-204: Relevance<br>Page 452: Relevance<br>Page 766: Relevance<br>Page 820: Relevance |

**XII. Plaintiff's statement of relief sought.**

A. Compensatory damages for physical injury, suffering, pain, mental and emotional distress, and inconvenience sustained by Mr. Rodriguez in an amount to be determined by the jury.

B. Punitive damages in an amount to be determined by the jury.

**XIII. Statement as to whether the parties consent to a less-than-unanimous verdict.**

One or more parties do not consent to a less-than-unanimous verdict.

Dated: September 25, 2026

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

By:*/s/ Morgan V. Manley*
John G. McCarthy
Morgan V. Manley
Carly M. Allen
1301 Avenue of the Americas, 15th Floor
New York, NY 10019
JMCCARTHY@sgrlaw.com
mmanley@sgrlaw.com
callen@sgrlaw.com
(212) 907-9700

LETICIA JAMES
Attorney General
State of New York

By: /s/ *Gabriel Cahn*
Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
Gabriel.Cahn@ag.ny.gov
(212) 416-8244

SO ORDERED:

__________________________________
THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE